IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


LILLIAN FRIESON,
  Plaintiff,

vs.          Case No: 3:06cv451/MCR/EMT

JOHN DOE, Florida Highway Patrol Officer,
et al.,
  Defendants.
_____/

## REPORT AND RECOMMENDATION

  Plaintiff, appearing pro se and in forma pauperis (*see* Doc. 4), initiated this action by filing a civil rights complaint, pursuant to 42 U.S.C. §1983, in the United States District Court for the Middle District of Alabama against the State of Florida, Florida Department of Highway Safety & Motor Vehicles, Florida Highway Patrol, and two unidentified Defendants, Officers Jane and John Doe, both of whom are "Pensacola Florida Highway Patrol Officers" (Doc. 1 at 1, 2).  The federal court in Alabama dismissed the State of Florida, Florida Department of Highway Safety & Motor Vehicles, and Florida Highway Patrol as Defendants and transferred the case to this court for resolution of Plaintiff's claims against the unidentified highway patrol officers (*see* Doc. 5).  This court issued an order directing Plaintiff to file an amended complaint because she failed to state a claim as to the remaining Defendants (*see* Doc. 9).  Plaintiff's amended complaint (Doc. 10) is now before the court.

  Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104

L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S. Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.  Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997).  Upon review of the amended complaint, the court concludes that dismissal of this action is warranted.

This action arises from a motor vehicle accident which occurred in Escambia County, Florida, on September 4, 2002 (Doc. 10 at 3).  Plaintiff states that while she and her passenger were stopped at a red light, their vehicle was rear-ended by another vehicle, causing Plaintiff's passenger to be hospitalized (*id.*).  Plaintiff states that she, her passenger, a paramedic, and the Defendant officers noticed that the driver of the other vehicle was under the influence of alcohol (*id.*). Defendant Jane Doe told Plaintiff that she could not gauge the amount of alcohol in the other driver's system, and that she would have to give the driver a sobriety test (*id.*).  Plaintiff gave the Defendant officers a description of the accident (*id.*).  The other driver told the officers that the traffic was moving, and Plaintiff attempted to tell the officers that the traffic was stopped, but Defendant John Doe told Plaintiff to shut up (*id.*).  Approximately two weeks later, Plaintiff received a copy of the traffic ticket, and the narrative portion described the accident as the other driver described it (*id.*). Additionally, the ticket indicated that the other driver was not given a sobriety test (*id.*).  Plaintiff states she "feel[s] she was discriminated against" because she and her passenger are black, and the other driver is white (*id.*).

Plaintiff claims that the Defendant officers violated her First Amendment right to freedom of speech, her Fifth Amendment right to due process of law, and her Fourteenth Amendment right to equal protection of the law by (1) telling her to "shut up" in a threatening way, (2) failing to conduct a field sobriety test on the driver of the other vehicle, who they knew was under the influence of alcohol, and (3) including the other driver's version of the accident, instead of

Plaintiff's, in the narrative section of the traffic ticket (*id.* at 3-4).  She claims that the State of Florida, Florida Department of Highway Safety & Motor Vehicles, Florida Highway Patrol are liable for failing to adequately train the individual Defendants (*id.* at 4).  As relief, Plaintiff seeks $2,000,000.00 (*id.*).

Initially, the court notes that despite the Alabama court's dismissal of the State of Florida, the Florida Department of Highway Safety & Motor Vehicles, and the Florida Highway Patrol as Defendants, Plaintiff names these entities as Defendants in her amended complaint and reasserts her claims for monetary relief against them.  It is well established that the Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities.  Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974).  Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits Plaintiff's suit against the State of Florida, the Florida Department of Highway Safety & Motor Vehicles, the Florida Highway Patrol, and Defendants Jane and John Doe in their official capacities.  Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); Gamble v. Florida Department of Heath and Rehabilitative Services, 779 F.2d 1509, 1511 (11th Cir. 1986).  Furthermore, Plaintiff does not seek prospective injunctive relief against Defendants.  Therefore, Plaintiff's claims against State of Florida, the Florida Department of Highway Safety & Motor Vehicles, the Florida Highway Patrol, and the Defendant officers in their official capacities should be dismissed.

Additionally, Plaintiff has failed to state a First Amendment claim as to the individual Defendants.  The freedom of expression protected by the First Amendment is not inviolate; the Supreme Court has established that the First Amendment does not guarantee persons the right to communicate their views "at all times or in any manner that may be desired."  Jones v. Heyman, 888 F.2d 1328, 1331 (11th Cir. 1989) (citing Heffron v. International Soc'y. for Krishna Consciousness, 452 U.S. 640, 647, 101 S. Ct. 2559, 2564, 69 L. Ed. 2d 298 (1981)); Adderley v. Florida, 385 U.S. 39, 48, 87 S. Ct. 242, 246, 17 L. Ed. 2d 149 (1966)).  Therefore, in evaluating a citizen's right to express her opinion on public property, the Supreme Court has established certain boundaries within which it balances a citizen's First Amendment rights and the government's interest in limiting the

use of its property. In a traditional public forum, such as a street, the government's power to limit expressive activity is substantially restricted:

> For the State to enforce a content-based exclusion it must show that its regulation is necessary to serve a compelling state interest and that it is narrowly drawn to achieve that end . . . . The State may also enforce regulations of the time, place, and manner of expression which are content-neutral, are narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication."

Jones, 888 F.2d at 1331 (citing Airport Comm'rs. of Los Angeles v. Jews for Jesus, 482 U.S. 569, 573, 107 S. Ct. 2568, 2571, 96 L. Ed. 2d 500 (1987) (quoting Perry Educ. Ass'n. v. Perry Local Educators' Assn., 460 U.S. 37, 45, 103 S. Ct. 948, 955, 74 L. Ed. 2d 794 (1983))).

In the instant case, Plaintiff alleges that she gave the Defendant officers her description of the accident (Doc. 10 at 3).  The other driver then told the officers that the traffic was moving, and when Plaintiff tried to interject that the traffic was stopped, the male officer told her to "shut up" (id.).  The officer's actions in attempting to listen to the other driver's description of the accident, after Plaintiff had given her version, by silencing Plaintiff when she began interjecting comments was a reasonable time, place, and manner restriction.  Furthermore, the facts do not suggest that the restriction was based on the content of Plaintiff's speech, but on the timing and manner of its delivery.  Moreover, the officer's silencing Plaintiff was narrowly tailored to serve the significant government interest of investigating the car accident in an efficient and effective manner, and the facts do not suggest Plaintiff was denied the opportunity to communicate with the officers after they had finished speaking with the other driver.  Thus, Plaintiff has failed to state a First Amendment violation.

Additionally, Plaintiff has failed to state a due process violation.  A public official or agency has no affirmative constitutional duty to a member of the public to investigate or intervene on an alleged crime.  United States v. Spence, 719 F.2d 358, 361 (11th Cir. 1983); see also DeShaney v. Winnebago County Dep't of Soc. Serv., 489 U.S. 189, 195-97, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989) (holding that Due Process Clause generally does not impose affirmative duty on states to aid or protect their citizens); Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996); Scher v. Chief Postal Inspector, 973 F.2d 682, 683-84 (8th Cir. 1992); Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985); Beard v. O'Neal, 728 F.2d 894, 899 (7th Cir. 1984).  Although there is no general constitutional right to police protection, the state may not discriminate in providing such protection.

Watson v. City of Kansas City, 857 F.2d 690, 695 (10th Cir. 1988); Wright v. City of Ozark, 715 F.2d 1513, 1516 (11th Cir.1983).

To state a claim for an equal protection violation based on the unequal administration or enforcement of neutral statutes and policies, a plaintiff must show 1) that she is similarly situated to others who received different treatment, and 2) that the different treatment was motivated by a discriminatory purpose.  Strickland v. Alderman, 74 F.3d 260, 264 (11th Cir. 1996); E&T Realty v. Strickland, 830 F.2d 1107, 1112-13 (11th Cir. 1987).  Thus, in order to assert a viable equal protection claim, Plaintiff must first make a threshold showing that she was similarly situated in the relevant aspects to those who received more favorable or different treatment.  *See, e.g.*, Campbell v. Rainbow City, Ala., 424 F.3d 1306, 1314-1317 (11th Cir. 2006) (rejecting an equal protection claim where developer had not established that other projects were similarly situated in terms of, *inter alia*, proposed use, number of variances sought, procedural status and documentation presented to zoning board); Oliver v. Scott, 276 F.3d 736, 746-47 (5th Cir. 2002) (rejecting equal protection claim where security-related policy treated male and female prisoners differently because male prisoners in a certain prison were more numerous and had been convicted of more violent offenses).  Plaintiff must also allege Defendants acted with the intent to discriminate against him.  Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 265, 97 S. Ct. 555, 563, 50 L. Ed. 2d 450 (1977).  Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient.  GJR Inv., Inc. v. County of Escambia, 132 F.3d 1359, 1367-68 (11th Cir. 1998).

In the instant case, Plaintiff does not allege that she was similarly situated with other persons who received more favorable treatment.  With regard to the officers' treatment of her and the other driver while they were providing descriptions of the accident, the fact that Plaintiff was silenced when she interjected during the other driver's description of the accident does not show that the other driver was treated more favorably, since Plaintiff admits she had already provided her version of the events to the officers.  Additionally, Plaintiff's assertion of her personal belief that the officers acted with discriminatory intent, in the absence of any facts to support her belief, is insufficient to satisfy the intent element of the equal protection analysis.  Therefore, Plaintiff's due process and equal protection claims should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

1.     That Plaintiff's claims against the State of Florida, the Florida Department of Highway Safety & Motor Vehicles, the Florida Highway Patrol, and Defendants Jane and John Doe in their official capacities be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

2.     That Plaintiff's claims against Defendants Jane Doe and John Doe in their individual capacities be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida this 9th day of January 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**